UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEXICAN INSTITUTE OF GREATER HOUSTON, INC. | § § § | |
| *Plaintiff*, | § § | |
| v. | § | CIVIL ACTION H-08-01394 |
| JOSE PABLO FERNANDEZ, *et al.*, | § § § | |
| *Defendants*. | § § | |

**ORDER**

Pending before the court is defendants Jose Pablo Fernandez and CCA Alliance, Inc.'s motion for partial summary judgment. Dkt. 11. Upon consideration of the record and applicable law, the motion for partial summary judgment by defendants is DENIED. Additionally, plaintiff Mexican Institute of Greater Houston, Inc.'s motion for leave to amend the original complaint is GRANTED.

**BACKGROUND**

CCA Alliance, Inc. ("the Alliance"), founded by Jose Pablo Fernandez ("Fernandez"), is a non-profit organization that promotes an education program whose goal is to provide basic computer technology courses to Hispanic parents within their children's schools ("CCA program"). Dkts. 1, 8. The Mexican Institute of Greater Houston, Inc. ("the Institute"), where Fernandez was a consultant beginning in August 2000, before serving as its president from January 2003 until January 2007, initiated development of the CCA program in the Houston area. Dkts. 1, 8. In his role as president of the Institute, Fernandez contracted with the Queensbury Press on behalf of the Institute to develop a booklet detailing the CCA program. Dkts. 1, 8. The Institute paid the Queensbury Press $24,000 for its services and publication of the booklet. Dkts. 1, 8. When Fernandez set up the

Alliance as a separate non-profit organization, the Institute alleges that the Queensbury Press delivered the completed booklet to Fernandez personally, and that Fernandez misappropriated the booklet for the Alliance's use. Dkt. 1. The Institute filed suit against Fernandez and the Alliance in the Southern District of Texas on May 6, 2008, seeking to hold the Alliance liable through the doctrine of respondeat superior for the alleged misappropriation, conversion, and use of the booklet by Fernandez. *Id.* In Footnote Five of the complaint, the Institute alleges that Fernandez persuaded Institute employee Martin Mireles ("Mireles") to join the Alliance in violation of a non-compete provision in Mireles's resignation agreement with the Institute ("Resignation Agreement"). *Id.* Fernandez and the Alliance deny this claim and move for partial summary judgment regarding the validity of the non-compete provision. Dkts. 8, 11. In its response, the Institute requests leave to amend its original complaint to clarify Footnote Five. Dkt. 12.

## STANDARD OF REVIEW

A movant may ask the court to dispose of any part of a case and render a partial summary judgment. *See* FED. R. CIV. P. 56. Partial summary judgment is a pretrial adjudication that certain issues are deemed established for trial, thereby enhancing the efficiency of the proceedings by eliminating issues on which there is no genuine issue of fact. *See FDIC v. Massingill*, 24 F.3d 768, 774 (5th Cir. 1994). The court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any

genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

## ANALYSIS

Under these standards, the issue of the non-compete provision's enforceability is not ripe for partial summary judgment consideration. In illustrating its claim of respondeat superior in Count Five of the complaint, the Institute briefly mentions, in Footnote Five, that further liability *may* arise from the alleged violation of a non-compete provision in the Resignation Agreement. Dkt 1. But,

the Institute has not specifically sought relief for breach of or interference with the Resignation Agreement in its original complaint. *See* Dkts. 1, 12. Thus, partial summary judgment on the issue is not appropriate.

Further, the non-compete provision is not material to the respondeat superior claim as articulated in Count Five of the Institute's complaint. The Institute's respondeat superior claim is primarily based on allegations that Fernandez misappropriated, converted, and used the Institute's booklet and the proprietary information about the CCA program therein. Dkt. 1. The enforceability of the non-compete provision is not an essential element of the Institute's respondeat superior claim, as currently asserted in the original complaint. Because resolution of the enforceability question does not affect the outcome of the action, it is not material. *See Burrell*, 482 F.3d at 411. Therefore, consideration of the question of enforceability is not proper at this time.[1]

---

[1] The court's opinion should not be construed as an endorsement of the non-compete provision or in any way a reflection of its validity. Rather, the court concludes only that, based on the original complaint, the question is not properly before the court.

## CONCLUSION

For the reasons stated above, Fernandez and the Alliance's motion for partial summary judgment regarding the enforceability of the non-compete provision in the Resignation Agreement as it pertains to the Institute's original complaint is DENIED. Additionally, the Institute's motion for leave to amend its complaint in order to clarify Footnote Five is GRANTED.

It is so ORDERED.

Signed at Houston, Texas, on October 10, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY